**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| LEROY LOGAN, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 1:06-cv-241-DFH-TAB |
| ) | |
| DOUGE EVANS, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Motion to Amend, Discussing Complaint
and Directing Entry of Judgment**

**I.**

The plaintiff's motions to amend complaint, filed on June 8, 2006, are **granted.**

**II.**

Plaintiff Leroy Logan has paid the initial partial filing fee. He has also filed a 99 page amended complaint. The amended complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

Logan is a prisoner confined at the Plainfield Correctional Facility. He alleges various claims arising out of his employment by Pen Products, a division of the Indiana Department of Correction ("DOC"). He has named 18 defendants. Some of the defendants are DOC employees and some are CEO's of various companies throughout the country with which Pen Products allegedly has a contractual relationship. Logan alleges violations of the First, Fifth, Eighth, Thirteenth, and Fourteenth Amendments to the Constitution. He also asserts various state law claims. He seeks compensatory and punitive damages and injunctive relief.

The amended complaint contains only claims which fail to support relief. Accordingly, the action must be **dismissed.** This conclusion rests on the following circumstances:

Logan sues the defendants in their "individual official" capacities. This designation is ambiguous at best. To the extent he sues DOC employees in their official capacities, his claims for damages are, "in all respects other than name, to be treated as a suit against

the entity . . . for the real party in interest is the entity." *Kentucky v. Graham,* 473 U.S. 159, 166 (1985). These claims against the DOC are dismissed as legally insufficient because (1) the State of Indiana is not a "person" subject to suit pursuant to that statute, and (2) the State (or a state agency) cannot be sued in federal court because of Indiana's Eleventh Amendment immunity. *Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003); *Billman v. Indiana Dept. of Corrections,* 56 F.3d 785, 788 (7th Cir. 1995).

Any claim asserted pursuant to the Fifth Amendment is dismissed because only state action, not action by the federal government, is alleged here. *Jackson v. Byrne*, 738 F.2d 1443, 1446 (7th Cir. 1984).

Logan alleges that he is being unlawfully denied payment of the minimum wage hourly rate for the work he performs at Pen Products. He also alleges that his equal rights are violated because inmates who work at several other prisons receive a higher wage than he does. As a prisoner, Logan does not have a right to receive the minimum wage set pursuant to the Fair Labor Standards Act. *Bennett v. Frank*, 395 F.3d 409, 410 (7th Cir. 2005) ("People are not imprisoned for the purpose of enabling them to earn a living. The prison pays for their keep."). In addition, Logan has not alleged mistreatment based on membership in a particular class. "A person bringing an action under the Equal Protection Clause must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual." *Herro v. City of Milwaukee,* 44 F.3d 550, 552 (7th Cir. 1995) (internal quotation omitted). The fact that Pen Products may pay lower wages than other prison jobs does not support a viable claim under the Equal Protection Clause. Accordingly, the claims against defendants Donahue, Hardin, Meloy, Kent, Kimibly, Jobe, Evans, Minor, Knight, Rupp, Davis, Fireman, Nederlander, and McKee are dismissed.

Because Logan's allegations concerning his rights to a higher pay wage are legally insufficient, his claims of "conspiracy" and violations of the Securities Exchange Act are also dismissed for failure to state a claim upon which relief can be granted.

Logan's claim that Ms. Jobe unlawfully removed him from his job in the "cage" and placed him in another position at Pen Products because another prisoner said he could not work with Logan fails to state a claim upon which relief can be granted. Logan has no property or liberty interest in retaining any particular job in prison. *Wallace v. Robinson*, 940 F.2d 243, 247 (7th Cir. 1991). This claim is dismissed.

Logan alleges that various aspects of his employment, including his pay wage and the fact that he produces products which are sent out of state, violate the Thirteenth Amendment. "The Thirteenth Amendment, which forbids involuntary servitude, has an express exception for persons imprisoned pursuant to conviction for crime." *Pischke v. Litscher,* 178 F.3d 497, 500 (7th Cir. 1999); see also *Kerr v. Puckett*, 138 F.3d 321, 324 (7th Cir. 1998) ("Putting prisoners to work against their will, even scrubbing walls with toothbrushes, is hard to describe as a violation of the Constitution."). Logan's claim based on the Thirteenth Amendment is dismissed as frivolous.

Logan alleges that he and others working at Pen Products were deprived of their coffee privileges because another inmate was caught stealing coffee. He further alleges that Pen Products workers receive a cold sack lunch instead of a hot meal. He alleges that these circumstances constitute cruel and unusual punishment. On the contrary, these allegations do not rise to the level of a constitutional violation, and are dismissed.

Logan alleges that Phil Thomas, a foreman at Pen Products, made racially derogatory remarks or gestures toward him. The claim against Thomas fails to state a claim upon which relief can be granted.  See *Patton v. Przybylski,* 822 F.2d 697, 700 (7th Cir. 1987) (although unprofessional and inexcusable, racially derogatory remarks did not support a constitutional claim); *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (verbal threats and name calling directed at inmate not actionable under § 1983). Similarly, Logan's claim that defendant Jobe told him on one occasion to "shut up" and go back to work fails to state a viable claim. His claim that Officer Allen used profanity in telling a group of Pen Products workers that if they did not quiet down they would be taken to the disciplinary unit also fails to state a viable claim. His claim that Sgt. Kalsek was disrespectful by forcing Pen Products workers to wait in the day room for an hour after their shift before allowing them to change and shower is also legally insignificant. Each of these claims is dismissed.

Logan alleges that on May 12, 2005, Officer Plackman and Sgt. Null punished him for asking "what the hell was going on" with the gate not opening. Logan was "punished" by being made the last prisoner to leave, reminding Logan of Rosa Parks, who courageously refused to sit at the back of the bus.  No undue punishment or discrimination in a legal sense is alleged, and these allegations fail to state a claim upon which relief can be granted.

Logan alleges that defendant Nalls, a grievance specialist, failed on more than one occasion to respond appropriately to Logan's grievances and in particular refused to allow grievances to proceed to the next step. Although there is certainly a process for the filing and resolution of grievances, the failure of prison officials to process grievances in a particular way or to do so leading to a particular result is not actionable as the violation of a federally secured right. *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996) ("a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause"). The grievance procedures--which are now required by 42 U.S.C. § 1997e(a)--did not result in a resolution which was satisfactory to Logan. However, because Logan had no expectation in a particular outcome of his grievances, the claim concerning the handling or mishandling of Logan's administrative grievances is not actionable and is dismissed for failure to state a claim upon which relief can be granted.

Logan, as a non-attorney, cannot assert claims on behalf of another inmate, Mr. Lane, and therefore, any such claim is dismissed.

Logan alleges that the bathrooms at the Pen Products facility fail to provide adequate privacy, causing him to be seen by people walking past. Logan's claim pursuant to Indiana Code § 35-45-4-1 (public indecency) and § 35-41-2-4 (aiding, inducing or

causing an offense) are dismissed as legally insufficient because these state laws are criminal in nature, and do not give rise to a private cause of action.  Moreover, because all federal claims have been dismissed, the court declines to exercise its supplemental jurisdiction over any other asserted state law claim. 28 U.S.C. § 1367(c)(3); *Thurman v. Village of Homewood*, 446 F.3d 682, 687 (7th Cir. 2006).

The plaintiff has failed to state a claim upon which relief can be granted against any named defendant. "[I]f a plaintiff chooses to 'plead particulars, and they show he has no claim, then he is out of luck-he has pleaded himself out of court."' *Jefferson v. Ambroz,* 90 F.3d 1291, 1296 (7th Cir. 1996) (quoting *Thomas v. Farley,* 31 F.3d 557, 558-59 (7th Cir. 1994)). That is the case here.  Judgment consistent with this Entry shall now issue.

So ordered.

*[signature: David F. Hamilton]*

DAVID F. HAMILTON, Judge
United States District Court

Date:  July 3, 2006